**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KATHERINE PEPE, PATRICIA DONADIO, and JUNE VONDERCHEK, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> - against - <br><br> 4E BRAND NORTH AMERICA, LLC, <br><br> Defendant. | Case No. 7:20-cv-06494-VB |

**DEFENDANT 4E BRANDS NORTH AMERICA, LLC'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO DISMISS**

LEWIS BRISBOIS BISGAARD & SMITH LLP

Eric Kizirian (to be admitted *pro hac vice*)
633 W. 5th Street, Suite 4000
Los Angeles, CA 90071

Peter T. Shapiro
77 Water Street, Suite 2100
New York, New York 10005

*Attorneys for Defendant*
*4E BRANDS NORTH AMERICA, LLC*

# TABLE OF CONTENTS

I.      Preliminary Statement ......................................................................................... 1

II.     Statement of Facts ............................................................................................... 3

III.    Argument ............................................................................................................ 5

        A.      The Implied And Express Warranty Claims Are Barred Due to Common
                Pleading Defects ..................................................................................... 5

                1.      Both Warranty Claims Fail For Failure to Provide Timely Notice ............ 5

                2.      The Warranty Claims Are Mooted by the Full Refund Remedy
                        Already Available to Plaintiffs Through the 4e Brands Recall ................. 6

                3.      The Essential Element of Privity Bars Both Warranty Claims ................... 7

        B.      Plaintiffs Fail to Allege Facts Necessary to Satisfy Required Elements for
                A Breach of Express Warranty Claim ...................................................... 8

IV.     Plaintiffs' Unjust Enrichment Claims Fail ......................................................... 10

        A.      The Refund Program In Place Through The Recall Provides Moots Any
                Claim For "Restitution" Based on Alleged "Unjust Enrichment" ......................10

        B.      Plaintiffs' Unjust Enrichment Claim Should Be Dismissed As Duplicative .........10

        C.      Plaintiffs Have Not Conferred a Direct Benefit to 4e Brands ..............................11

V.      Plaintiffs' Claims for Violation of GBL Sections 349 and 350 Fail................................ 11

        A.      Plaintiffs Fail to Allege Facts to Demonstrate the Representations or
                Omissions Were Deceptive at the Time Plaintiffs Bought their Products............12

        B.      Plaintiffs' Allegations Do Not Support a Claim for Injury....................................13

VI.     Plaintiffs' Claim For Negligent Misrepresentation Fails...................................................14

        A.      Plaintiffs Lack A Special or Privity-Like Relationship with 4e Brands................14

        B.      Plaintiffs Fail To Plead Material Misrepresentations, Reasonable Reliance,
                or Injury Caused By 4e Brands...........................................................................15

        C.      The Negligent Misrepresentation Claim is Barred by the Economic Loss
                Rule....................................................................................................................16

VII.    Conclusion ......................................................................................................... 17

# TABLE OF AUTHORITIES

**Cases**

*Abraham v. Volkswagen of Am., Inc.*,
　795 F.2d 238 (2d Cir. 1986)............................................................................ 7

*Archstone v. Ticci*,
　101 A.D.3d 1059 (2d Dep't 2012) ................................................................... 7

*Arthur Jaffee Associates v. Bilsco Auto Serv., Inc.*,
　58 N.Y. 993 (1983) .......................................................................................... 7

*Becker v. Cephalon, Inc.*,
　2015 U.S. Dist. LEXIS 123670 (S.D.N.Y. Sep. 15, 2015) .............................. 8

*Bologna v. Allstate Ins.*,
　138 F. Supp. 2d 310 (E.D.N.Y. 2001) ............................................................ 9

*Carmania Corp., N.V. v. Hambrecht Terrell Int'l*,
　705 F. Supp. 936 (S.D.N.Y. 1989) ............................................................... 16

*Catanzano v. Wing*,
　277 F.3d 99 (2d Cir. 2001)............................................................................. 6

*CBS, Inc. v. Ziff-Davis Pub. Co.*,
　75 N.Y.2d 496 (1990) ..................................................................................... 9

*Chamberlain v. City of White Plains*,
　960 F.3d 100 (2d Cir. 2020)........................................................................... 3

*Chiarelli v. Nissan North Am., Inc.*,
　2015 U.S. Dist. LEXIS 129416 (E.D.N.Y. Sept. 25, 2015)...................... 11, 12

*Cline v. TouchTunes Music Corp.*,
　211 F. Supp. 3d 628 (S.D.N.Y. 2016)........................................................... 11

*Clougher v. Home Depot U.S.A., Inc.*,
　696 F. Supp. 2d 285 (E.D.N.Y. 2009) .......................................................... 10

*Colella v. Atkins Nutritionals, Inc.*,
　348 F. Supp. 3d 120 (E.D.N.Y. 2018) .......................................................... 14

*Corsello v. Verizon N.Y., Inc.*,
　18 N.Y.3d 777 (2012) ................................................................................... 10

*County of Los Angeles v. Davis*,
　440 U.S. 625 (1979)........................................................................................ 6

*DiBartolo v. Abbott Laboratories*,
   914 F. Supp. 2d 601 (S.D.N.Y. 2012) ........................................................... 7, 15

*Dixon v. Ford Motor Co.*,
   2015 U.S. Dist. LEXIS 146263 (E.D.N.Y. Sept. 30, 2015) ............................. 13

*Ebin v. Kangadis Food Inc.*,
   2013 U.S. Dist. LEXIS 174174 (S.D.N.Y. Dec. 11, 2013) ............................... 7

*Gale v. Int'l Bus. Machs. Corp.*,
   9 A.D.3d 446 (2d Dep't 2004) ........................................................................ 13

*Georgia Malone & Co., Inc. v. Rieder*,
   19 N.Y.3d 511 (2012) ...................................................................................... 11

*Goldemberg v. Johnson & Johnson Consumer Cos.*,
   8 F. Supp. 3d 467 (S.D.N.Y. 2014) .................................................................. 8

*Gordon v. Hain Celestial Grp., Inc.*,
   2017 U.S. Dist. LEXIS 6978 (S.D.N.Y. Jan. 18, 2017) ................................... 17

*Greene v. Gerber Products Co.*,
   262 F. Supp. 3d 38 (E.D.N.Y. 2017) ............................................................... 13

*H&R Project Assocs., Inc. v. City of Syracuse*,
   289 A.D.2d 967 (4th Dep't 2001) .................................................................... 15

*Heskiaoff v. Sling Media, Inc.*,
   719 F. App'x 28 (2d Cir. 2017) ....................................................................... 12

*Horowitz v. Stryker Corp.*,
   613 F. Supp. 2d 271 (E.D.N.Y. 2009) ............................................................. 9

*Hubbard v. Gen. Motors Corp.*,
   1996 U.S. Dist. LEXIS 6974 (S.D.N.Y. May 22, 1996) ............................... 5, 9

*Jackson v. Eddy's LI RV Ctr., Inc.*,
   845 F. Supp. 2d 523 (E.D.N.Y. 2012) ............................................................. 7

*Kaye v. Grossman*,
   202 F.3d 611 (2d Cir. 2000) ............................................................................ 11

*King County v. IKB Deutsche Industriebank AG*,
   863 F. Supp. 2d 288 (S.D.N.Y. 2012) ............................................................. 17

*Koenig v. Boulder Brands, Inc.*,
   995 F. Supp. 2d 274 (S.D.N.Y. 2014) ............................................................. 7

*Kommer v. Ford Motor Co.*,
    2017 U.S. Dist. LEXIS 118335 (N.D.N.Y. July 28, 2017)...........................................12

*Mahoney v. Endo Health Sols., Inc.*,
    2016 U.S. Dist. LEXIS 94732 (S.D.N.Y. July 20, 2016) ................................................15

*Mandarin v. Wildenstein*,
    16 N.Y.2d 173 (2011) ....................................................................................................14

*Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.*,
    244 F.R.D. 204 (S.D.N.Y. 2007) ..................................................................................16

*Matson v. Bd. of Educ.*,
    631 F.3d 57 (2d Cir. 2011).............................................................................................13

*Nelson v. MillerCoors, LLC*,
    246 F. Supp. 3d 666 (E.D.N.Y. 2017) ....................................................................10, 15

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, NA.*,
    85 N.Y.2d 20 (1995) ......................................................................................................12

*Quinn v. Walgreen Co.*,
    958 F. Supp. 2d 533 (S.D.N.Y. 2013)..............................................................................5

*Royal Park Invs. SA/NV v. HSBC Bank USA, Nat'l Ass'n*,
    109 F. Supp. 3d 587 (S.D.N.Y. 2015)...........................................................................16

*Sheridan v. Trustees of Columbia Univ.*,
    296 A.D.2d 314 (1st Dep't 2002) ..................................................................................15

*In re Sling Media Slingbox Adver. Litig.*,
    202 F. Supp. 3d 352 (S.D.N.Y. 2016)............................................................................12

*Sperry v. Crompton Corp.*,
    8 N.Y.3d 204 (2007) ......................................................................................................11

*Stutman v. Chem. Bank*,
    95 N.Y.2d 24 (2000) ......................................................................................................13

*Sykes v. RFD Third Ave. 1, LLC*,
    (1st Dep't 2009) ..............................................................................................................15

*Szymczak v. Nissan N. Am., Inc.*,
    2011 U.S. Dist. LEXIS 153011 (S.D.N.Y. Dec. 16, 2011) ......................................12, 13

*Teixeria v. St. Jude Med. S.C., Inc.*,
    193 F. Supp. 3d 218 (W.D.N.Y. 2016) ............................................................................8

*Tomasino v. Estee Lauder Cos.*,
    44 F. Supp. 3d 251 (E.D.N.Y. 2014) ............................................................... 5

*Westport Marina, Inc. v. Boulay*,
    783 F. Supp. 2d 344, 355 (E.D.N.Y. 2010) ...................................................... 9

*Wu v. Dunkin' Donuts, Inc.*,
    105 F. Supp. 2d 83, 96 (E.D.N.Y.), *aff'd,* 4 F. App'x 82 (2d Cir. 2001) ....................... 15

**<u>Statutes</u>**

N.Y. Gen. Bus. Law § 349 .................................................................... 1, 11, 12, 13

N.Y. Gen. Bus. Law § 350 .................................................................... 1, 11, 12, 13

N.Y. U.C.C. § 2-313(1)(a) ................................................................................ 8

N.Y. U.C.C. § 2-607(3)(a) ................................................................................ 5

## I.   PRELIMINARY STATEMENT

Defendant 4e Brands North America, LLC ("4e Brands"), erroneously sued as 4e Brand North America, LLC, by their attorneys Lewis Brisbois Bisgaard & Smith LLP, respectfully submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiffs' Complaint.

Plaintiffs Katherine Pepe, Patricia Donadio, and June Vonderchek (collectively, "Plaintiffs") have filed this opportunistic lawsuit seeking relief for purchases of allegedly contaminated hand sanitizers that defendant 4e Brands, working cooperatively with the Food and Drug Administration ("FDA"), recalled in July 2020.  This recall, which Plaintiffs reference and mischaracterize in the Complaint ("Complaint" or "Comp.") (and fail to simultaneously provide in full to the Court), already provides a full remedy.  Under the recall's express terms, consumers are asked to stop use of the affected products to prevent *potential* harm *and to return all recalled product for a full refund*.

Plaintiffs are trying to capitalize on 4e Brands' recall efforts.  Two of the plaintiffs did not even try to go back to the retail store at which they purchased the product to seek a refund, choosing instead to run to the courthouse to file suit.  And the one plaintiff who vaguely claims she was "unsuccessful" in returning the product at the store does not claim that she contacted 4e Brands for a refund, if she was in fact "unsuccessful" in getting a refund.  This pile-on suit only adds litigation costs and unnecessarily burdens this Court's docket.  And it does so through a series of deficiently-pled claims for alleged (I) breach of express warranty; (II) breach of implied warranty of fitness and merchantability; (III) unjust enrichment; (IV) violation of New York General Business Law § 349; (V) violation of New York General Business Law § 350; and (VI) negligent misrepresentation.  Yet, the Complaint does not even plead the most basic facts.  At its most basic level, this conclusion-laden pleading falls woefully short of the requirements of Rule 8.

Beyond this threshold pleading hurdle, numerous other problems abound.  Plaintiffs assert unjust enrichment and breach of express warranty and implied warranty claims that, even if successful, get Plaintiffs the *same* refund remedy that is already available to them by way of the recall.  These claims are mooted by the recall.  Further, the express warranty claim lacks any facts as to what statements or representations any Plaintiff read or reviewed, *pre-purchase*, to create a warranty.  And both the express and implied warranty claims are barred because Plaintiffs did not provide notice of any alleged warranty breaches to 4e Brands and because Plaintiffs lack privity— a fact they effectively concede since Plaintiffs do not (and cannot) allege they bought their hand sanitizers from 4e Brands.  Similarly, the unjust enrichment claim fails because Plaintiffs are unable to allege they conferred a direct benefit upon 4e Brands. That claim also fails as duplicative of Plaintiffs' other claims.

The General Business Law ("GBL") claims fail for various reasons, most prominently because there are no facts that show 4e Brands *knew* about possible product contamination *at the time Plaintiffs bought their products* and because Plaintiffs have not pled a cognizable injury.  4e Brands could not have omitted to disclose facts that it did not know about at the time Plaintiffs purchased their hand sanitizers in March and April 2020.

Finally, like the other claims, Plaintiffs' negligent misrepresentation claim fails for failure to allege privity, material misrepresentation, reasonable reliance, or an injury caused. It is also barred by the economic loss doctrine.

In short, the Complaint is a hopelessly deficient pleading that falls short of Rule 8 requirements and does not plead facts to state a single viable claim.  4e Brands' motion should be granted in its entirety.

## II.   STATEMENT OF FACTS

Plaintiffs are New York residents who allegedly purchased 4e Brands hand sanitizers from various retail stores in the state. Comp. ¶¶ 4-6. "Plaintiff Pepe purchased Blumen Clear Advanced Hand Sanitizers […] from Instacart and Shoprite Grocery Store in New York" in "March 2020." Comp. ¶ 4. "Plaintiff Donadio purchased 4e Brands hand sanitizer, "Assured Instant Hand Sanitizer […], on March 20, 2020 at the Dollar Tree Store in New York. Comp. ¶ 5. "Plaintiff Vonderchek purchased Blumen [sic] Clear Hand Sanitizers […] on April 30, 2020, at Sam's Club grocery store in New York." Comp. ¶ 6.

On July 8, 2020, the FDA notified consumers that 4e Brands' hand sanitizers were potentially contaminated with methanol and asked that they stop use of the products. Comp. ¶ 15. "Following the FDA warnings of methanol, on July 11, 2020, 4e Brands issued a recall of 10 bottle sizes of Blumen-branded hand sanitizers." Comp. ¶ 17. On July 24, 2020, *out of an abundance of caution,* 4e Brands expanded the recall to all hand sanitizer products manufactured by 4e Brands. Comp. ¶ 17; see also *Id.*, n. 4*, https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/4e-brands-north-america-issues-expanded-nationwide-voluntary-recall-hand-sanitizer-due-potential* ("These products are being recalled due to the *potential* presence of methanol (wood alcohol)") (emphasis added). The recall notice, which Plaintiffs' Complaint references and

purports to characterize and thus, incorporates by reference into the Complaint,[1] states in relevant part as follows:[2]

> 4e Brands North America is notifying its distributors and retailers by recall letter and consumers via this press release. 4e Brands North America is arranging for the return and refund of all recalled products.
>
> Consumers/distributors/retailers that have the product subject to this recall should stop using/distributing/ selling the hand sanitizer and return it to the place of purchase.
>
> Consumers with questions regarding this recall can contact 4e Brands North America LLC at: [¶] Toll Free: 888-843-0254  Mon-Fri 8am – 8 PM Eastern [¶] FAX: 888-214-7430Event: 8797 [¶] Website: *https://www.blumensanitizerrecall.expertinquiry.com/*

Plaintiffs Pepe and Vonderchek admit they still have their recalled sanitizer products.  Yet *neither* claims they tried to return the product under the recall and were denied a refund.  Comp. ¶¶ 4, 6.  And while Plaintiff Donadio alleges that she attempted to return the hand sanitizer to the *retailer* (Dollar Tree), she summarily claims to have been "unsuccessful." Comp. ¶¶ 5, 18.  Plaintiff Donadio does not explain why she was unsuccessful (or what that even means (for example, was the store closed due to the pandemic?)).  Nor does she plead that she reported her "unsuccessful" attempt to return the product to 4e Brands and was met with similar resistance.

Plaintiffs allege "[e]ach of the Products is [sic] prominently labeled as 'Hand Sanitizer' on the front of the label, and list Ethyl Alcohol 70% on the back of the label as the 'active ingredient.'

---

[1] By referring to the recall notice in the Complaint, Plaintiffs incorporate it by reference and the Court can take judicial notice of the recall in its entirety in ruling on the instant motion. *Chamberlain v. City of White Plains*, 960 F.3d 100, 105 (2d Cir. 2020). It is Exhibit B to the accompanying declaration of Peter T. Shapiro.

[2] The recall notice is available on the websites of both the FDA and 4e Brands, at *https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/4e-brands-north-america-issues-expanded-nationwide-voluntary-recall-hand-sanitizer-due-potential#:~:text=Hand%20Sanitizer-, Company%20Announcement,of%20methanol%20*(wood%20alcohol) and *https://www.blumensanitizerrecall.expertinquiry.com/.*

They claim none of the Products mention or disclose that the Products are contaminated with methanol, or that the 'active ingredient' is in fact to a large extent methanol, not ethyl Alcohol – or 'ethanol.'" Comp. ¶ 2. Plaintiffs further allege, "[t]he presence of methanol renders the Products unsuitable for their principal and intended purpose and renders them worthless." Comp. ¶ 2.   Yet no Plaintiffs alleges exposure to these statements at any time, much less prior to their product purchase.  Still, all Plaintiffs summarily conclude that they would not have purchased the hand sanitizers if they had known of the presence of methanol, and they contend they have been damaged for the purchase price and because they paid a "price premium" for the products. Comp. ¶¶ 4-6, 33.   All Plaintiffs only seek relief for alleged *economic* harm associated solely with their product purchases.

## III.   ARGUMENT

### A.    The Implied And Express Warranty Claims Are Barred Due to Common Pleading Defects

#### 1.    *Both Warranty Claims Fail For Failure to Provide Timely Notice*

Plaintiffs who allege express or implied warranty claims must provide the defendant pre-suit notice, to identify the specific warranty on which they rely, to be bound by warranty disclaimers, and to show that the alleged defect has manifested in their own product. *Tomasino v. Estee Lauder Cos*., 44 F. Supp. 3d 251, 260 (E.D.N.Y. 2014) ("To assert a breach of warranty claim under New York law, 'the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of [the] breach or be barred from any remedy[.]'") (citing N.Y. U.C.C. § 2–607(3)(a)) (second alteration in original); *Hubbard v. Gen. Motors Corp*., 1996 U.S. Dist. LEXIS 6974, at *13-14 (S.D.N.Y. May 22, 1996) ("*Hubbard*") (dismissing plaintiff's claims for breach of warranty for failure to allege notice); *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 544 (S.D.N.Y. 2013) (same). Plaintiffs do not allege—because they cannot—that

they provided 4e Brands with pre-suit notice of their claims. The express warranty count fails for that reason alone.

2.  *The Warranty Claims Are Mooted by the Full Refund Remedy Already Available to Plaintiffs Through the 4e Brands Recall*

The FDA is actively involved in and has been directing the remedial process that has led to the recall program for the affected sanitizers.  The recall program that 4e Brands initiated *before* this lawsuit was filed, with the FDA's involvement, calls for the return or disposal of potentially affected sanitizer products, for the refund of monies paid by consumers upon return of unused products, and for continued compliance and process changes by 4e Brands before new products can be reintroduced into the U.S. marketplace.[3]  In other words, the recall process, combined with FDA's continued monitoring of it, provide a full remedy for both past and future potential harm to all consumers, including Plaintiffs.

Plaintiffs' express and implied warranty claims take aim at the same alleged conduct and seek the same relief that was available to them *before* they filed this suit.  Plaintiffs only claim economic damages relating to loss of the purchase price. Comp. ¶ 4-6.  Indeed, their breach of express and implied warranty claims seek a refund, the same remedy that was available to them through the recall *before* they filed this suit.  Comp. ¶¶ 33, 42.  Warranty claims such as those advanced here become moot when the relief sought can no longer be given or is no longer needed. *See, e.g.*, *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (finding claim challenging county law moot where county had completely cured any possible discriminatory effects); *Catanzano v. Wing*, 277 F.3d 99, 107 (2d Cir. 2001) (finding portion of case seeking injunctive

---

[3] *See* n. 3; *see also https://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/warning-letters/4e-global-sapi-de-cv-608940-10232020.*

relief moot where parties agreed that the challenged law was no longer being implemented). Plaintiffs' express and implied warranty claims are mooted by 4e Brands' recall since the continued litigation of these claims cannot provide any *additional* relief beyond those Plaintiffs already had available to them through the recall before they filed this suit.

### 3. The Essential Element of Privity Bars Both Warranty Claims

Even if they were not mooted by the recall, the express and implied warranty claims alleging only economic injuries are not viable given the absence of privity between the parties. *Ebin v. Kangadis Food Inc.*, 2013 U.S. Dist. LEXIS 174174, at \*6 (S.D.N.Y. Dec. 11, 2013); *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 290 (S.D.N.Y. 2014) ("*Koenig*") (*citing DiBartolo v. Abbott Laboratories*, 914 F. Supp. 2d 601, 623-24 (S.D.N.Y. 2012) ("*DiBartolo*")) (Under New York law, "privity is an essential element of a cause of action for breach of express warranty, unless the plaintiff claims to have been personally injured."); *Koenig*, 995 F. Supp. 2d at 290 (same); *Abraham v. Volkswagen of Am., Inc.,* 795 F.2d 238, 249 (2d Cir. 1986) (affirming dismissal of warranty claims under New York and other states' laws, holding: "To have a cause of action for breach of an implied warranty of fitness . . . privity must necessarily exist."); *accord Arthur Jaffee Associates v. Bilsco Auto Serv., Inc.*, 58 N.Y. 993, 995 (1983) ("there being no privity between the purchaser and the defendant there can be no implied warranty"); *Archstone v. Ticci*, 101 A.D.3d 1059, 1062 (2d Dep't 2012) (holding that breach of implied warranty claims failed because plaintiff was not in privity with defendant); *Jackson v. Eddy's LI RV Ctr., Inc.*, 845 F. Supp. 2d 523, 530 (E.D.N.Y. 2012) ("New York law allows claims of implied warranty to be brought only by those in privity with the named defendant.").

Plaintiffs' claims fail because they are not in privity with 4e Brands.  Plaintiffs do not allege, nor can they, that they purchased their hand sanitizers directly from 4e Brands, that they had any relationship with 4e Brands, or that Plaintiffs and 4e Brands even had mutual awareness

of one another in connection with any transaction at issue. Instead, Plaintiffs affirmatively allege they purchased the products from third party retailers—specifically "Instacart and Shoprite Grocery Store" (Comp. ¶ 4), Dollar Tree Store (Comp. ¶ 5), and Sam's Club (Comp. ¶ 6). Accordingly, Plaintiffs' breach of implied and express warranty claims should be dismissed for this second independent reason.

**B.**     **Plaintiffs Fail to Allege Facts Necessary to Satisfy Required Elements for A Breach of Express Warranty Claim**

Plaintiffs' breach of express warranty claim requires them to allege: "(1) the existence of a material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the buyer caused by the breach." *Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F. Supp. 3d 467, 482 (S.D.N.Y. 2014).  Thus, an express warranty is an "affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain." N.Y.U.C.C. § 2-313(1)(a). This requires the plaintiff to plead the "exact terms of the warranty" as well as the plaintiff's reliance on those terms as a basis for the bargain. *Becker v. Cephalon, Inc.*, 2015 U.S. Dist. LEXIS 123670, at *18 (S.D.N.Y. Sep. 15, 2015); *see also Teixeira v. St. Jude Med. S.C., Inc.*, 193 F. Supp. 3d 218, 225 (W.D.N.Y. 2016) (the plaintiff must allege "where, when or how the alleged promise or statement was provided to [the plaintiff] or his physicians").

Here, Plaintiffs have not alleged (nor can they) that *any* of the challenged statements were false as to the products Plaintiffs purchased. Indeed, although 4e Brands—out of an abundance of caution—has issued a recall as to all sanitizer products, this does not mean that *all* products (or all bottles of sanitizer) in fact are contaminated.  Indeed, two of the three Plaintiffs do not claim to have experienced any adverse reaction to the products after use and the one who does speculates (without factual support, like a visit to the doctor) that her hand redness was caused by the sanitizer

8

(or more specifically, because her sanitizer had a contaminant rather than a simple allergic reaction to ethanol).  In other words, while Plaintiffs claim that the statements on product labels were false, they supply no facts – other than the mere fact that the product was recalled – to support their contention that the sanitizer bottles *Plaintiffs* purchased in fact were contaminated with methanol and did not have the represented amount of ethanol in them.  Since Plaintiffs claim they still have the product, presumably these are facts they could have adduced through testing *before* rushing to the Court to file this opportunistic suit.

Second, the challenged marketing statements that 4e Brands products are "making a 'positive change in your life,' and 'promoting a good and healthy well-being'" (Comp. ¶ 10) are not and cannot be construed as warranty promises.  These are general statements of product superiority or puffery, which do not create a warranty.  *Bologna v. Allstate Ins*., 138 F. Supp. 2d 310, 323-24 (E.D.N.Y. 2001) (dismissing express warranty claim because "You're in Good Hands With Allstate" did not create an express warranty); *Hubbard*, 1996 U.S. Dist. LEXIS 6974, at *21 (dismissing express warranty claim because advertising proclamations are generalized and exaggerated claims of puffery could not be a basis for a breach of express warranty claim.).

Third, Plaintiffs do not allege pre-purchase exposure to or reliance on any statements that they claim created express warranties.  Yet reliance is an essential element of a breach of express warranty claim. *CBS, Inc. v. Ziff-Davis Pub. Co*., 75 N.Y.2d 496, 501-02 (1990); *Horowitz v. Stryker Corp*., 613 F. Supp. 2d 271, 286 (E.D.N.Y. 2009). No plaintiff alleges having read or relied on the "70% Ethyl Alcohol" information when purchasing the product. *Westport Marina, Inc. v. Boulay*, 783 F. Supp. 2d 344, 354, 355 (E.D.N.Y. 2010) (granting defendants' motion for summary judgment due to plaintiffs' failure to demonstrate that they read or saw, let alone relied upon, the

product's labels or marketing literature). Nor do they claim this representation was essential to their purchase.

**IV.    PLAINTIFFS' UNJUST ENRICHMENT CLAIMS FAIL**

 **A. The Refund Program In Place Through The Recall Provides Moots Any Claim For "Restitution" Based on Alleged "Unjust Enrichment"**

 As set forth in Section III(A)(2) herein, the recall that 4e Brands initiated *before* Plaintiffs filed this suit provides a full refund remedy.  And while the unjust enrichment claim is not viable for the reasons set forth below, the "restitution" that Plaintiffs seek under this claim (should they prevail) is already available to them through the 4e Brands recall.  That Plaintiffs have chosen to not to avail themselves of this recall remedy does not provide justification for their continued pursuit of this mooted claim.

 **B. Plaintiffs' Unjust Enrichment Claim Should Be Dismissed As Duplicative**

 Separately, Plaintiffs' unjust enrichment claim must be dismissed because it is merely duplicative of Plaintiffs' legal claims, amply demonstrating the existence of an adequate remedy at law.  *Clougher v. Home Depot U.S.A., Inc.*, 696 F. Supp. 2d 285, 295 (E.D.N.Y. 2009) (dismissing unjust enrichment claim as duplicative statutory claim where an "adequate legal remedy" exists). An unjust enrichment claim "is not a catchall cause of action to be used when others fail," and "is not available 'where it simply duplicates, or replaces, a conventional contract or tort claim.'" *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012). All Plaintiffs' claims are based on the same premise: 4e Brands allegedly received wrongful funds for selling a product Plaintiffs claim does not contain what was promised.  *See Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017) ("[E]ven pleaded in the alternative, claims for unjust enrichment will not survive a motion to dismiss where plaintiffs fail to explain how their unjust enrichment claim is not merely duplicative of their other causes of action.").  Their legal claims

provide an adequate (and duplicative) remedy, assuming Plaintiffs prevail.  The duplicative unjust enrichment claim should be dismissed.

### C.      Plaintiffs Have Not Conferred a Direct Benefit to 4e Brands

"To prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that 'equity and good conscience' require restitution." *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) (citation omitted).  Plaintiffs have failed to allege that they conferred a direct benefit on 4e Brands or even that they had a sufficiently direct relationship to do so, as required to support an unjust enrichment claim. *Sperry v. Crompton Corp.*, 8 N.Y.3d 204, 215 (2007) (affirming dismissal of unjust enrichment claim because connection between purchaser of tires and producers of chemicals used in tires "is simply too attenuated to support such a claim"); *Georgia Malone & Co., Inc. v. Rieder*, 19 N.Y.3d 511, 516 (2012) (same). Plaintiffs allege only that 4e Brands was unjustly enriched by "retaining the revenues derived from" products "unfit for use as hand sanitizers." Comp. ¶ 47. Plaintiffs make no allegation that any one of them conferred a direct benefit upon 4e Brands. To the contrary, the Complaint indicates that Plaintiffs purchased hand sanitizers at retail stores. Comp. ¶¶ 4-6.

## V.      PLAINTIFFS' CLAIMS FOR VIOLATION OF GBL SECTIONS 349 AND 350 FAIL

"Section 349(a) of the GBL declares as unlawful '[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state.'" *Chiarelli v. Nissan North Am., Inc.*, 2015 U.S. Dist. LEXIS 129416, at *32 (E.D.N.Y. Sept. 25, 2015) ("*Chiarelli*"). Section 350 "prohibits '[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state.'" *Id.* at *32. "Section 350 more narrowly targets deceptive or misleading advertisements, while Section 349 polices a wider range

of business practices." *Cline v. TouchTunes Music Corp.*, 211 F. Supp. 3d 628, 635 (S.D.N.Y. 2016).

To adequately plead a claim under either GBL Sections 349 or 350, Plaintiffs must allege 4e Brands "'has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice.'" *Chiarelli*, 2015 U.S. Dist. LEXIS 129416, at *32 (citation omitted); *see also Heskiaoff v. Sling Media, Inc.*, 719 F. App'x 28, 31 (2d Cir. 2017) (citation and internal quotations omitted); *Szymczak v. Nissan N. Am., Inc.,* 2011 U.S. Dist. LEXIS 153011, at *40 (S.D.N.Y. Dec. 16, 2011)("*Szymczak*"). The threshold requirement of consumer-oriented conduct is met by proof that "the acts or practices have a broader impact on the consumer at large" in that they are "directed to consumers" or "potentially affect similarly situated consumers." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, NA.*, 85 N.Y.2d 20, 25-27 (1995).

Plaintiffs' GBL claims, which are built on allegations that 4e Brands misrepresented and/or failed to disclose the alleged defects (*see, e.g.*, Comp. ¶¶ 55, 66-68), fail because the Complaint does not plausibly allege such conduct given the lack of factual support on several key elements.

A. **Plaintiffs Fail to Allege Facts to Demonstrate the Representations or Omissions Were Deceptive at the Time Plaintiffs Bought their Products**

4e Brands' statement that the product contained "70% Ethyl Alcohol" (Comp. ¶ 55) does not without more establish a deceptive act. Plaintiffs claim that they bought their hand sanitizers in March and April 2020.  Comp. ¶¶ 4-6.  Yet they have not averred a single fact that plausibly shows 4e Brands *knew* that its hand sanitizers were potentially contaminated at the time Plaintiffs bought them.  That omission is fatal to their omission-based claim, which requires them to "'plausibly allege[] . . . [d]efendants had knowledge of the [material information] and failed to disclose or actively concealed such information.'" *In re Sling Media Slingbox Adver. Litig.*, 202

F. Supp. 3d 352, 359 (S.D.N.Y. 2016); *Kommer v. Ford Motor Co.*, 2017 U.S. Dist. LEXIS 118335, at *9 (N.D.N.Y. July 28, 2017) ("To state an omission claim [under either GBL section 349 or 350], a plaintiff must plausibly allege that a (1) business alone possessed material information and (2) failed to provide that information to consumers.") (citing *Dixon v. Ford Motor Co.*, 2015 U.S. Dist. LEXIS 146263, at *23-24 (E.D.N.Y. Sept. 30, 2015); *Szymczak*, 2011 U.S. Dist. LEXIS 153011, at *46.  Yet the only facts Plaintiffs plead here conclusively shows that any potential problem with the products was discovered *long after* Plaintiffs' March and April 2020 purchases—in or after July 2020, when the FDA listed *some* sanitizers made by 4e Brands as being potentially contaminated.  Comp. ¶¶ 15-16.  Indeed, this is the *only* knowledge allegation in the Complaint. And ultimately, it is beyond dispute that, immediately upon learning of *potential* product contamination, 4e Brands acted responsibly and swiftly in taking actions to mitigate any consumer harm by initiating a voluntary recall that not only removed all potentially affected products from the market, but also offered consumers a full refund.

Although Plaintiffs do not allege knowledge, they compound this  problem by failing to allege exposure to and reliance on the allegedly deceptive omissions or misrepresentations. Plaintiffs' claims can only be based on alleged statements that they actually viewed before they purchased the hand sanitizers. *Gale v. Int'l Bus. Machs. Corp.*, 9 A.D.3d 446 *(*2d Dep't 2004). But Plaintiffs do not claim to have seen any statements before purchasing the hand sanitizers.

### B.      Plaintiffs' Allegations Do Not Support a Claim for Injury

While a sufficient allegation of premium pricing can support a § 349 and § 350 claim (*Stutman v. Chem. Bank*, 95 N.Y.2d 24, 30 (2000); *Greene v. Gerber Products Co.*, 262 F. Supp. 3d 38, 68 (E.D.N.Y. 2017)), the Court should not credit Plaintiffs' baseless averment that they paid a premium price. *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (threadbare recitals of the elements of a claim supported by conclusory allegations are insufficient). "Simply reciting the

word 'premium' multiple times in the Complaint does not make [p]laintiffs' injury any more cognizable." *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018) (citations omitted). Instead, Plaintiffs must allege "what the premium was," the "price of non-premium products," or whether "the defendant or another party set the price" for the product. *Id.* Without more, "conclusory allegations are insufficient to identify a cognizable injury." *Id.*

The instant Complaint's conclusory allegations do not allege the required information and are accordingly insufficient to support their claims. They offer no more than a bare conclusion that Plaintiffs "paid a price premium for the Products due to Defendant's promises that the Products contained ethyl alcohol or ethanol as an active ingredient and could be used as hand sanitizers." Comp. ¶ 60.  This summary allegation is not credible on its face since Plaintiffs simultaneously admit they bought their hand sanitizers at Dollar Tree and discount club stores, like Sam's Club. Additionally, they cannot claim a loss of product value due to possible contamination when a full refund remedy is available to Plaintiffs through the recall process.  Plaintiffs' claim that they paid a price premium, like their claims for breach of warranty and unjust enrichment, is mooted by the available refund remedy under the recall.

## VI.    PLAINTIFFS' CLAIM FOR NEGLIGENT MISREPRESENTATION FAILS

A "claim for negligent misrepresentation requires the plaintiff to demonstrate (1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information" *Mandarin v. Wildenstein*, 16 N.Y.2d 173, 180 (2011) (internal quotations and citations omitted).

### A.    Plaintiffs Lack A Special or Privity-Like Relationship with 4e Brands

Plaintiffs have failed to include the mandatory allegation of "the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the

plaintiff[.]" *Id.* at 180.  Plaintiffs must allege that 4e Brands owed them "a duty of care due to a special relationship." *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 677 (E.D.N.Y. 2017). "A 'privity-like' relationship does not exist when a plaintiff is one of a large class of possible consumers." *Mahoney v. Endo Health Sols*., Inc., 2016 U.S. Dist. LEXIS 94732, at *9 (S.D.N.Y. July 20, 2016) (*citing Sykes v. RFD Third Ave. 1 Associates, LLC*, 67 A.D.3d 162, 165(1st Dep't 2009)).  Thus, a negligent misrepresentation claim will not be entertained when, as here, there is no credible allegation that the parties have a special relationship. *Sheridan v. Trustees of Columbia Univ.*, 296 A.D.2d 314 (1ˢᵗ Dep't 2002) (rejecting negligent misrepresentation claim because "at the time of the alleged misrepresentation, the parties were clearly acting at arm's length").

Plaintiffs do not allege any contractual privity with 4e Brands. All Plaintiffs can offer is that they "purchased 4e Brands" products. Comp. ¶¶ 4-6. This is insufficient to establish the type of special relationship necessary to sustain a negligent misrepresentation claim. A special relationship "requires a closer degree of trust than an ordinary business relationship." *H&R Project Assocs., Inc. v. City of Syracuse*, 289 A.D.2d 967, 969 (4th Dep't 2001) (internal citation omitted). Nothing of the sort is pleaded or exists here. Plaintiffs fail to even allege any direct contact with 4e Brands, as they purchased the Products from Instacart and various retail stores. Comp. ¶¶ 4-6. Therefore, Plaintiffs' negligent misrepresentation claim must fail. *See, e.g., DiBartolo,* 914 F. Supp. 2d at 624 (dismissing a claim for failing to allege privity of contract, or that plaintiff was a "known party" to defendant, or that defendant "undertook specific conduct linking it to [plaintiff] and evincing its understanding of [plaintiff's] alleged reliance on its ads.").

**B.     Plaintiffs Fail To Plead Material Misrepresentations, Reasonable Reliance, or Injury Caused By 4e Brands**

Plaintiffs' negligent misrepresentation claim also must be dismissed for failure to plead material misrepresentation, reasonable reliance, or an injury caused by 4e Brands. *Wu v. Dunkin'*

*Donuts, Inc.*, 105 F. Supp. 2d 83, 96 (E.D.N.Y.), *aff'd*, 4 F. App'x 82 (2d Cir. 2001). This claim must be plead with particularity under Rule 9(b). *Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.,* 244 F.R.D. 204, 213 (S.D.N.Y. 2007) ("*Manhattan Motorcars*"). As explained above, Plaintiffs fail to allege facts (let alone facts pleaded with particularity) to support their claim that 4e Brands representations or omissions were deceptive. Plaintiff offers no more than conclusory statements that 4e Brands "Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity" or [a]t the absolute minimum, Defendant negligently misrepresented and/or negligently omitted material facts about the Products." Comp. ¶¶ 76, 77.

Plaintiffs have also failed to plausibly aver reasonable reliance. Plaintiffs allege only a formulaic recitation of the claim that they "reasonably and justifiably relied" on the "misrepresentations and omissions" (Comp. ¶ 78) and "would not have purchased the Products if the true facts have been known" (Comp. ¶ 79). This is insufficient to plead an omissions claim, for which claim the pleader must allege: "(1) what the omissions were; (2) the person responsible for the failure to disclose; (3) the context of the omissions and the manner in which they misled the plaintiff; and (4) what the defendant obtained through the fraud." *Manhattan Motorcars,* 244 F.R.D. at 213. This claim fails to provide such allegations, and it therefore fails.

C.      **The Negligent Misrepresentation Claim is Barred by the Economic Loss Rule**

The economic loss doctrine bars negligent misrepresentation claims alleging only monetary losses (i.e., no property damage or physical injury). *Royal Park Invs. SA/NV v. HSBC Bank USA, Nat'l Ass'n*, 109 F. Supp. 3d 587, 609 (S.D.N.Y. 2015); *Manhattan Motorcars,* 244 F.R.D. 204 at 220. "If the damages suffered are of the type remediable by contract, a plaintiff may not recover in tort." *Carmania Corp., N.V. v. Hambrecht Terrell Int'l*, 705 F. Supp. 936, 937 (S.D.N.Y. 1989) (collecting cases). Allegations that "plaintiff and the putative class members

purchased products they would have otherwise purchased at a lesser price or not at all" are subject to the economic loss doctrine. *Gordon v. Hain Celestial Grp., Inc.*, 2017 U.S. Dist. LEXIS 6978, at *14-15 (S.D.N.Y. Jan. 18, 2017) (dismissing negligent misrepresentation claim with prejudice).

 "Where the parties have a contract governing their relationship [...] the economic loss rule may apply unless the defendant had a legal duty — separate and apart from any contractual obligations — to protect the plaintiff from purely economic losses. Where [...] the parties are not in contractual privity, the duty analysis [...] is subsumed by the determination of whether the parties had a relationship that barred the defendant from making any negligent misrepresentations to the plaintiff." *King County v. IKB Deutsche Industriebank AG*, 863 F. Supp. 2d 288, 304 (S.D.N.Y. 2012). "[T]here can be no negligent misrepresentation without some form of 'special relationship' between the parties." *Id*. at 306.

The claim fails for the same reasons above. *See* Section VI(A) & (B). There is no privity of contract between the parties or any close relationship that approximates privity. Additionally, Plaintiffs have not averred reasonable reliance on the alleged misrepresentations.

**VII.   CONCLUSION**

For the reasons stated above, 4e Brands respectfully requests the Court dismiss the Complaint with prejudice and without leave to amend.


Dated: November 10, 2020                    **LEWIS BRISBOIS BISGAARD & SMITH LLP**

                                   By:     _/s/ Peter T. Shapiro_____
                                           Eric Kizirian, Esq. (to be admitted *pro hac vice*)
                                           Peter T. Shapiro, Esq.
                                           *Attorneys for Defendant 4e Brands North America,*
                                           *LLC*

## <u>CERTIFICATE OF SERVICE</u>

I Peter T. Shapiro, an attorney duly admitted to practice before this Court, certifies that on November 10, 2020, caused the within Memorandum of Law to be filed and served by ECF.


                                    /s/  Peter T. Shapiro

                                        Peter T. Shapiro